# Exhibit 2

Filing # 219994608 E-Filed 03/31/2025 10:05:01 PM

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA

| | |
|---|---|
| KHIEM NGUYEN, M.D. | CASE NO.: 56 2025-CA-000593-AXXX-HC |
| Plaintiff, | CIVIL DIVISION |
| v. | |
| JON ROBERT BROWN, D.O.; HCA HEALTH SERVICES OF FLORIDA, INC. d/b/a HCA FLORIDA ST. LUCIE HOSPITAL; and JOHN DOES 1-10, | |
| Defendants. | |

## COMPLAINT

Plaintiff, Khiem Nguyen, M.D. ("Plaintiff" or "Dr. Nguyen"), by and through his undersigned counsel and pursuant to Rule 1.100, *Florida Rules of Civil Procedure*, files this complaint ("Complaint") against defendants Dr. Jon Robert Brown, D.O. ("Dr. Brown"), HCA Health Services of Florida, Inc. d/b/a HCA Florida St. Lucie Hospital ("HCA") (collectively, "Defendants"), and presently unknown defendants named John Does 1-10, and in support thereof avers as follows:

### The Parties

1.    Dr. Nguyen is a physician specializing in gastroenterology, he is licensed to practice medicine in Florida, and he although he is currently in the process of relocating to the State of Georgia, he was a resident of Florida when all the underlying activity took place.

2.    Upon information and belief, HCA is a Florida corporation with a principal place of business in Nashville, Davidson County, Tennessee.

3.    At all relevant times, HCA has kept an office for transaction of its customary business, the operation of a hospital, in Port St. Lucie, St. Lucie County, Florida (the "Hospital").

4.      Upon information and belief, Dr. Brown is a general surgeon at HCA and a resident of Florida.

5.      Defendants John Does 1-10 are individuals whose identities are not yet known to Plaintiff.

**Jurisdiction and Venue**

6.      This Court has subject matter jurisdiction over this matter because it involves tortious conduct that occurred in St. Lucie County, Florida.

7.      This Court has personal jurisdiction over HCA because it is a Florida corporation that operates its Hospital in St. Lucie County, Florida.

8.      This Court has personal jurisdiction over Dr. Brown because he resides in Florida.

9.      Venue is proper in this Court because the causes of action set forth in this Complaint accrued in St. Lucie County, Florida.  F.S. § 47.051.

10.     This matter is proper in the Circuit Court as this is an action for damages exceeding $50,000.00, exclusive of interest, costs, and attorneys' fees.  F.S. §§ 26.012(2)(a), 34.01(1)(c)(3).

**General Allegations Common to All Counts**

11.     Dr. Nguyen is a skilled gastroenterologist and endoscopist.

12.     Dr. Nguyen commenced working at HCA's Hospital in Port St. Lucie in 2008 and worked there for more than a decade.

**June 22, 2020 Surgery**

13.     On or about June 22, 2020, a patient ("Patient") presented with biliary colic and an abnormal ultrasound, for which Dr. Nguyen performed an uneventful endoscopic retrograde cholangiopancreatography ("ERCP").

14.     Patient was discharged, but was admitted the following evening for a known and expected complication, and was recovering.

**Hospital Records, CT Scans Confirm Pancreatic Duct Intact**

15.     Upon re-admission to the Hospital on June 23, 2020, an abdominal/pelvic CT scan, with contrast, was performed and confirmed Patient had pancreatitis with an <u>intact</u> pancreatic duct.

16.     Patient was tolerating clear liquid by June 28, 2020, and was advancing toward a full liquid diet, which would not have been the case if Patient's pancreatic duct was damaged.

**June 28, 2020 Cardiac Arrest; Records Through July 19, 2020**

17.     Patient was scheduled to be discharged on June 29, 2020.

18.     However, Patient sustained a cardiac arrest event the day prior, June 28, 2020, and was not discovered by the Hospital's nursing staff for several hours.

19.     Despite resuscitation, Patient suffered anoxic encephalopathy, which left Patient in a vegetative state, ventilator dependent, and caused Patient's pancreatitis to worsen.

20.     Nevertheless, several follow-up abdominal/pelvic CT scans were performed following Patient's re-admission on June 23, 2020 through July 19, 2020, each of which confirmed Patient's pancreatic duct was intact.

**Dr. Brown's July 21, 2020 Pancreatic Necrosectomy; Removal of Records**

21.     On July 21, 2020, Dr. Brown, an osteopathic physician, decided to perform a pancreatic necrosectomy on the head of Patient's pancreas while Patient was still in a vegetative state.

22.     As described in more detail below, years later, Dr. Nguyen discovered that several records relating to Dr. Brown's necrosectomy procedure were removed from Patient's patient file at the Hospital or were otherwise improperly not included in the Patient's patient file, including

the pathology report from the pancreatic tissue that Dr. Brown removed from the patient, and a dictated operative report from Dr. Brown for the surgery he performed.

### July 28, 2020 MRCP Reveals Injury to Pancreatic Duct

23.     On July 28, 2020, after Dr. Brown's surgery, a magnetic resonance cholangiopancreatography ("MRCP") was conducted on Patient, which for the first time revealed an injury to Patient's pancreatic duct.

24.     Specifically, the MRCP suggested pancreatic ductal injury at the head of the pancreas where Dr. Brown performed the necrosectomy, which corroborates that Dr. Brown's surgery caused the injury to the head of Patient's pancreas.

### Subsequent Demise of Patient

25.     Following Dr. Brown's surgery, Patient developed multiple abscesses and infections in Patient's pancreas, from which the Patient never recovered.

26.     Patient's family eventually placed Patient into hospice care, and Patient ultimately passed away approximately a year after Dr. Brown's surgery.

### Removal and Alteration of Hospital Records

27.     There were notations in the MRI report from Dr. Brown's July 28, 2020 MRCP indicating Dr. Brown spoke to the radiologist to modify the findings from the test, specifically that Dr. Brown insisted there be notations that the pancreatic injury that his surgery caused was, instead, caused by the June 22, 2020 ERCP performed by Dr. Nguyen.

28.     Ultimately, records for the CT scans, pathology, MRI reports, Dr. Brown's surgical documents, and even Dr. Nguyen's notes were removed or excluded from the Patient's chart.

29.     Dr. Nguyen's notes that were removed from Patient's chart included a statement that further surgery (an example of which would be Dr. Brown's subsequent MRCP) should not be performed on the Patient.

**Subsequent Adversary Proceedings Against Dr. Nguyen**

30.     Following the demise of Patient, Patient's next-of-kin gave notice of intention to litigate, initiated litigation, or otherwise initiated other adversary proceedings in which Dr. Nguyen was included or would be included as an adverse party ("Adversary Proceedings").

31.     The Adversary Proceedings ultimately resolved in a manner that reflects adversely against Dr. Nguyen in Dr. Nguyen's National Practitioner Database report.

32.     After the Adversary Proceedings concluded, sometime in April 2023, Dr. Nguyen personally received a copy of the Patient's certificate of death, which although issued in May 2021, was not in Dr. Nguyen's actual possession until April 2023.

33.     Upon his personal receipt of the Patient's death certificate in April 2023, Dr. Nguyen observed that the cause of the Patient's death was falsely attributed to the endoscopy he performed.

34.     There is no mention in the death certificate of Dr. Brown's necrosectomy that he decided to perform on the head of the Patient's pancreas while the Patient was in a vegetative state, which was done against Dr. Nguyen's statement (which has been improperly removed from the Patient's medical chart) that further surgery on the Patient should not be performed.

35.     Over the course of the next year following his actual receipt of the death certificate in April 2023, Dr. Nguyen was able to ascertain that Dr. Brown, the Hospital, and/or someone in connection therewith (John Does 1-10) had manipulated, removed, altered, and/or otherwise fabricated records in the Patient's medical chart, including computer files, to conceal Dr. Brown's

involvement in the Patient's demise and falsely attribute fault for the Patient's demise unto Dr. Nguyen.

36.     All conditions precedent to this action have been performed or have occurred.

## COUNT ONE
### (Fraud Against All Defendants)

37.     Dr. Nguyen incorporates herein all averments of paragraphs 1 through 36 above as if they were set forth fully herein.

38.     On, around, or after July 21, 2020, Dr. Brown, John Does 1-10, and/or the Hospital falsified, altered, destroyed, removed, or otherwise improperly manipulated the records in Patient's medical file, including the tangible and electronically stored records comprising that file, relating to the surgeries performed by Dr. Nguyen and Dr. Brown on the Patient.

39.     Defendants did so deliberately and with intent to deceive the entities and individuals that would be reviewing the medical file following the Patient's demise, including without limitation the Patient's next-of-kin, those involved in the Adversary Proceedings, and the death certificate issuer, to deliberately mislead the reviewing persons away from the conclusion that Dr. Brown's necrosectomy on the head of Patient's pancreas caused Patient's death, and falsely toward the incorrect conclusion that Dr. Nguyen's ERCP caused the Patient's death.

40.     The issuer of the death certificate, the Patient's next of kin, and those involved in the Adversary Proceedings in fact relied on the Patient's fraudulently manipulated medical file.

41.     The Defendants' actions and the reliance of others thereon caused Dr. Nguyen to suffer damages, in the past, present, and future, far exceeding $50,000.

42.     Dr. Nguyen did not discover, and through the exercise of due diligence could not reasonably have discovered, Defendants' underlying fraudulent action until no earlier than April 2023, when or after Dr. Nguyen personally received a copy of the May 2021 death certificate.

**_WHEREFORE_**, Plaintiff respectfully requests judgment be entered in his favor against Dr. Brown:

    a.  Awarding Plaintiff compensatory damages, past, present, and future;

    b.  Awarding Plaintiff reputation damages, past, present, and future, and damages for emotional distress, humiliation, mental anguish and distress, past, present and future, and for loss of earnings and lost earning capacity, past, present and future;

    c.  Awarding Plaintiff any and all attorneys' fees, costs, expenses, and other damages incurred in defending against the Adversary Proceeding under the wrongful act doctrine;

    d.  Ordering the correction of the records in the Patient's medical file that were improperly manipulated in any way;

    e.  Entering an order amenable to operation by way of a writ of mandamus to be issued to the Florida Department of Health to correct the Patient's certificate of death and a similar order that can be executed upon the custodian of records that maintains the National Practitioner Database;

    f.  Permitting Plaintiff leave to amend at an appropriate juncture in this case to add a request for punitive damages; and

    g.  Awarding Plaintiff taxable costs and such further relief as the Court deems equitable and just.

## COUNT TWO
### (Violation of Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*, Against All Defendants)

43.      Plaintiff incorporates herein all averments of paragraphs 1 through 36 above as if they were set forth fully herein.

44.      HCA maintains patient files and records, including those of the Patient, on computers as the term "computer" is defined in 18 U.S.C. § 1030(e)(1).

45.      The computers referenced in the preceding paragraph are "protected computer[s]" as that term is defined in 18 U.S.C. § 1030(e)(2) as they are used in or affect interstate commerce.

46.      Although Dr. Brown, John Does 1-10, and/or persons acting on behalf of the Hospital may have been authorized to access HCA's computers, they exceeded that authorization by accessing records relating to Dr. Nguyen's ERCP then altering, destroying, or removing such records from those computers relating to the Patient, including without limitation Dr. Nguyen's post-operative notes stating not to perform additional surgeries on the Patient, and causing the creation of false or materially misleading notations in the Patient's MRI report from Dr. Brown's July 28, 2020 MRCP.

47.      Dr. Brown, John Does 1-10, and/or persons acting on behalf of the Hospital intentionally exceeded their authorized access to the Patient's records and thereby obtained, and altered, information from HCA's protected computers.

48.      In addition, Dr. Brown, John Does 1-10, and/or persons acting on behalf of the Hospital knowingly and with intent to defraud exceeded their authorization to HCA's protected computers, and by means of such conduct furthered the intended fraud and obtained something of value, including without limitation the resulting product of the Patient's medical files that as result of their actions are literally doctored records that falsely and materially misleadingly minimize or

hide Dr. Brown's causal relationship with the Patient's death and falsely and materially misleadingly attribute fault to Dr. Nguyen.

49.     The value of the object of Defendants' fraud and the thing obtained far exceeded $5,000 in value in any one-year period.

50.     Defendants' fraudulent actions caused Dr. Nguyen to suffer damage and loss far in excess of $50,000.

51.     This action is filed within two (2) years of Dr. Nguyen's discovery of the damage caused by Defendants, which actual discovery occurred no earlier than April 2023. *See* 18 U.S.C. § 1030(e)(8), (g).

**WHEREFORE**, Plaintiff respectfully requests judgment be entered in its favor against Dr. Brown:

     a.   Awarding Plaintiff compensatory damages, past, present, and future;

     b.   Awarding Plaintiff reputation damages, past, present, and future, and damages for emotional distress, humiliation, mental anguish and distress, past, present and future, and for loss of earnings and lost earning capacity, past, present and future;

     c.   Permitting Plaintiff to recover any and all attorneys' fees, costs, expenses, and other damages incurred in defending against the Adversary Proceeding under the wrongful act doctrine and all such attorneys' fees, costs, and expenses incurred in connection with investigating, responding to, and remedying Defendants' violation of the Computer Fraud and Abuse Act, past, present, and future;

d. Ordering the correction of the records in the Patient's medical file that were improperly manipulated in any way;

e. Entering an order amenable to operation by way of a writ of mandamus to be issued to the Florida Department of Health to correct the Patient's certificate of death and a similar order that can be executed upon the custodian of records that maintains the National Practitioner Database;

f. Permitting Plaintiff leave to amend at an appropriate juncture in this case to add a request for punitive damages; and

g. Awarding Plaintiff taxable costs and such further relief as the Court deems equitable and just.

## COUNT THREE
**(Vicarious Liability and Negligent Supervision Against HCA)**

52.     Plaintiff incorporates herein all averments of paragraphs 1 through 36 above as if they were set forth fully herein.

53.     HCA employed or was otherwise responsible for supervising or controlling Dr. Brown's and/or John Does 1-10's activities with respect to their access to and interactions with patients' medical files, including that of the Patient.

54.     Dr. Brown's and/or John Does 1-10's actions taken with respect to the Patient's medical files and records were within the scope of the employment relationship between them and HCA or were otherwise within the scope of the supervisory or controlling responsibilities of HCA.

55.     Dr. Brown and/or John Does 1-10 committed fraud with respect to their alteration and manipulation of the Patient's medical files.

56.     HCA is vicariously liable for Dr. Brown's and/or John Does 1-10's fraudulent activity.

57.     HCA also owed a duty to Dr. Nguyen to exercise its supervisory powers over Dr. Brown and/or John Does 1-10 in a careful, non-negligent manner.

58.     HCA breached that duty of care.

59.     HCA's breach of duty caused Dr. Nguyen to suffer damages in excess of $50,000.

**WHEREFORE**, Plaintiff respectfully requests judgment be entered in its favor against HCA:

    a.  Awarding Plaintiff compensatory damages, past, present, and future;

    b.  Awarding Plaintiff reputation damages, past, present, and future, and damages for emotional distress, humiliation, mental anguish and distress, past, present and future, and for loss of earnings and lost earning capacity, past, present and future;

    c.  Permitting Plaintiff to recover any and all attorneys' fees, costs, expenses, and other damages incurred in defending against the Adversary Proceeding under the wrongful act doctrine and all such attorneys' fees, costs, and expenses incurred in connection with investigating, responding to, and remedying Dr. Brown's and/or John Does 1-10's violation of the Computer Fraud and Abuse Act, past, present, and future;

    d.  Ordering the correction of the records in the Patient's medical file that were improperly manipulated in any way;

    e.  Entering an order amenable to operation by way of a writ of mandamus to be issued to the Florida Department of Health to correct the Patient's certificate of death and a similar order that can be executed upon the custodian of records that maintains the National Practitioner Database; and

    f.  Awarding Plaintiff taxable costs and such further relief as the Court deems equitable and just.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Florida Rule of Civil Procedure 1.430(b), Plaintiff demands a trial by jury for all issues so triable in this matter.

Respectfully submitted,

NASON YEAGER GERSON HARRIS & FUMERO, P.A.
3001 PGA Boulevard, Suite 305
Palm Beach Gardens, Florida 33410
Tel: (561) 686-3307
Fax: (561) 686-5442
*Attorneys for Plaintiff*
rlevenstein@nasonyeager.com
akesselman@nasonyeager.com
ptreadway@nasonyeager.com

Dated: March 31, 2025      By:___ *s/ Aaron J. Kesselman*_____
                    Richard H. Levenstein, Esq.
                    Florida Bar Number: 235296
                    Aaron J. Kesselman, Esq.
                    Florida Bar Number: 1018107

Filing # 220076258 E-Filed 04/01/2025 04:06:52 PM

## IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## IN AND FOR ST. LUCIE COUNTY, FLORIDA

KHIEM NGUYEN,                                    Case No.   56 2025CA000593
       Plaintiff,

vs.

JON ROBERT BROWN, HCA
HEALTH SERVICES OF FLORIDA,
INC., JOHN DOES 1-10,
       Defendant.
_____/

## CASE MANAGEMENT PLAN AND ORDER SETTING TRIAL

       The following is the Case Management Plan and Order Setting Trial in this cause. **THE ORDERED DEADLINES AND REQUIREMENTS CONTAINED WITHIN THIS CASE MANAGEMENT PLAN WILL BE STRICTLY ENFORCED.**

       **IT IS THUS ORDERED AND ADJUDGED** as follows:

       **Plaintiff/Petitioner is directed to serve a copy of this order upon each Defendant/Respondent with the initial Complaint/Petition and Summons. Self-represented/Pro Se litigants are held to the same obligations imposed upon counsel.**

Jury Trial or Non-Jury Trial Designation:

       **X**   **JURY TRIAL**

       _____   **NON-JURY TRIAL**

Case Track Assignment (Select one):

       _____   Expedited Track (case resolved within 12 months):

       **X**   General Track (case resolved within 18 months):

       _____   Complex Track (case resolved within 30 months):
               (Case must be declared complex pursuant to Florida Rules of Civil Procedure, Rule 1.201)

| EVENT<br>(Events must be completed prior to the deadline in the next column) | MINIMUM REQUIRED DEADLINE<br>(Events may be completed earlier than the deadline, but not later. Motions for extension must be filed prior to expiration of a deadline. ) |
|---|---|
| Service of complaints and service of complaint under extensions | Service within 120 days of filing of the complaint unless an extension is granted, which extension shall not exceed 180 days from the date of filing of the complaint. |
| Motion to Amend Complaint, Answer and Defenses and/or Adding new parties | 270 days from the filing of the complaint. |
| Request for Compulsory Examination ("CME") | 150 days prior to e-docket |
| Completion of CME | 100 days prior to e-docket |
| Disclosure of Expert Witnesses with deposition dates (list e-filed) | Plaintiff: 90 days prior to e-docket<br><br>Defendant: 75 days prior to e-docket |
| Disclosure of Fact Witnesses (list e-filed) | All Parties: 75 days prior to e-docket |
| Last Discovery Requests[1] | 80 days prior to e-docket |
| Discovery deadline | 50 days prior to e-docket |
| Depositions Completed | 50 days prior to e-docket |
| Exhibit List (list e-filed) | 40 days prior to e-docket |
| Daubert Motions HEARING Completed NO EXCEPTIONS TO DEADLINE | 30 days prior to e-docket |
| Filing and Service of Motions for Summary Judgment | 100 days prior to e-docket |
| Summary Judgment HEARING Completed NO EXCEPTIONS TO DEADLINE | 30 days prior to e-docket |
| Motions in Limine HEARING Completed NO EXCEPTIONS TO DEADLINE | 30 days prior to e-docket |
| Mediation Completed/Alternative Dispute Resolution | 30 days prior to e-docket |
| Motions to Strike-Witness/Exhibits HEARING Completed NO EXCEPTIONS TO | 30 days prior to e-docket |

---

[1].  A request for any form of discovery, such as, for example only, interrogatories, production of documents, admissions, or depositions, must be made in time for the response to be due prior to the discovery deadline.  An untimely discovery request will not justify an extension of the discovery or discovery hearing deadline.

| DEADLINE | |
|---|---|
| All Discovery Matters HEARING Completed | 45 days prior to e-docket |
| All Trial Matters/Objections to pleadings HEARING completed NO EXCEPTIONS TO DEADLINE | 30 days prior to e-docket |
| Attorney Pre-Trial Meeting | 45 days prior to e-docket |
| JOINT Pre-Trial Stipulation | Due with E-Docket Call Form 3 business days prior to E-docket call. |
| AGREED & DISPUTED Jury Instructions | Due by noon the Friday prior to your trial date. |
| E-Docket Call: E-Docket Call is the 1st business day of every month. **THIS IS YOUR TRIAL ORDER.** No other Trial Orders will be issued.  See sections X and XII below for more information regarding E-docket and Trial Scheduling. | **MONTH/YEAR:**<br><br>**August 2026** |
| Estimated Days of Trial and Number of Jurors Requested | 75 days prior to E-Docket Call a Notice of trial days and number of jurors requested shall be e-filed and emailed to Wilet@circuit19.org. If notice is not received, the defaulted time reserved will be 5 days, with 32 jurors. Please note that jurors are ordered at least two months in advance of your trial date. |

**The above-referenced schedule of deadlines will be strictly adhered to by the parties unless a change is otherwise agreed to by the parties and approved by the Court.  The Court will consider a request to approve changes to these deadlines upon a showing of good cause by either party based on matters arising from an emergency nature or unforeseen issues. However, now that the Case Management Plan has been entered by the Court, procrastination in completing discovery, failure to file motions within sufficient time to have the hearing completed by the above deadline or the unavailability of counsel will not constitute good cause for a change to these deadlines. PLAN ACCORDINGLY AS THE ORDERED DEADLINES AND REQUIREMENTS CONTAINED WITHIN THIS CASE MANAGEMENT PLAN WILL BE STRICTLY ENFORCED! Please note that advising the Court "there is no hearing time available" is not "good cause." The Court has hearing time available for hearings prior to all deadlines contained in this case management plan, however electing to file a motion at a time when hearing time is not available before the ordered deadlines is a decision made by counsel and will not result in an extension of an ordered hearing completion date. The failure to abide by these deadlines may result in sanctions by the Court, including the award of attorney's fees, the striking of pleadings, and/or dismissal of the action.**

**I.     MOTIONS AND HEARINGS**
        **These are deadlines. Do not wait until deadline to schedule hearings. Counsel and staff are responsible for reviewing the Court's online hearing schedule calendar to understand how far in advance a motion must be set for a hearing to be compliant with the ordered deadlines set forth herein.** Due to docket management constraints, absent good cause shown, motions will not be heard after the deadlines set forth herein. Failure to follow this requirement constitutes abandonment of the issue and waiver of the motion. Motions to compel discovery must be set at the time of the violation, not on the eve of trial, and will not be heard past the discovery deadline. Do not set for hearing any motions for new trial/rehearing. These motions are considered in camera by written motion. If you set such motion for hearing, it may be unilaterally cancelled by the Court.

**II.    DISCLOSURE OF WITNESSES**
        Subject to the provision of F.S. 57.071(2), which shall govern in the event of conflict, the parties are responsible to disclose the names and addresses of all potential expert witnesses, along with the nature of their expertise, and a brief statement of the opinion testimony that will or may be offered.  If a report has been created by the expert, a copy (if written) or a written summary (if oral) must also be provided within the same time frames.  All out-of- court testing, experiments or physical or mental examinations must be completed by an expert prior to the expert's deposition.

        As a party discloses expert(s), it shall give in writing three (3) available deposition dates for each expert. Opposing counsel shall select one of the provided dates within five (5) business days from receipt of disclosure or must request new dates. Experts will be made available for deposition by the party retaining them without necessity of subpoena.

        The names and addresses of all potential fact witnesses, and a summary of the nature of their testimony, must be disclosed.  Except for stating "all witnesses listed by other parties," witnesses must be specifically named. Incorporating "all persons deposed or named in depositions or evidence produced," or such similar provision, is not acceptable.  The depositions of all witnesses must be completed within the deadline set forth above.  All witnesses must be made available for depositions prior to the deposition cutoff date or they will not be permitted to testify.

**III.   EXTENSIONS OF TIME; MODIFICATION OF DEADLINES IN THIS CASE
        MANAGEMENT PLAN ORDER**
        The deadlines in this case management plan order must and will be strictly enforced. Any motion to extend a deadline, amend this case management plan order, or alter an ordered trial period must comply with Fla. R. Civ. P. 1.200(e). Motions for extension of time that do not comply with Rule 1.200(e)(1) will not be considered by the court.  Additionally, any motion to modify the trial period set per this case management plan order must not only strictly comply with Rule 1.200(e) but also Rule 1.460. Failure to strictly comply with these rules will result in the motion being automatically denied.

4

## IV.    MEDIATION

Plaintiff's counsel must coordinate the mediation conference and must e-file a Notice of Mediation. The following rules for mediation apply, and must be specifically listed in the Notice of Mediation:

    a.    The personal appearance of counsel who will try the case <u>and</u> their clients (a management representative if a corporate party) with full authority to enter into a full and complete compromise and settlement is mandatory. An insured party must have a fully authorized representative, not just the attorney for the insurance company, attend the mediation conference. The insurance representative <u>must have written authority</u> to settle the case up to the policy limits, and must present the authority to the mediator at the beginning of the mediation session;

    b.    The Court will impose sanctions for all parties that do not personally attend the conference. The participants must be prepared to spend as much time as is necessary to settle the case or until an impasse is declared by the mediator;

    c.    The parties must present a brief written summary of the facts and issues to the mediator five (5) days before the conference;

    d.    All discussions, representations and statements made at the mediation conference are privileged as settlement negotiations; and

    e.    Unless agreed otherwise by the parties, the mediator must be compensated equally by the parties.

## V.    ATTORNEYS PRE-TRIAL MEETING TO INCLUDE:

    a.    Discuss settlement.

    b.    Stipulate to as many facts and issues as possible.

    c.    Prepare a Pre-Trial Stipulation.

    d.    Examine all exhibits and documents which may be offered into evidence or used demonstratively. Electronic format is acceptable. It is not acceptable to view photocopies, descriptions or summaries of what the exhibit will be. Objections at trial that an exhibit is not what the proponent said it would be will not be sustained if opposing counsel did not observe the actual exhibit at the pre-trial meeting required by this section.

## VI.    PRE-TRIAL STIPULATION

No later than three (3) business days prior to your chosen E-Docket Call month, Plaintiff is responsible to 1) confirm that the Joint Pre-Trial Stipulation is executed by counsel for all parties, 2) email to the Judicial Assistant and 3) file in the court file. Counsel for all parties are charged with good faith cooperation in this regard, and if Plaintiff fails, Defendant is required to meet this requirement, noting Plaintiff's failure to do so in Defendant's submittal as set forth herein. The Pre-Trial Stipulation must contain the following in separate paragraphs:

    a.    A brief statement of the case to be read to the prospective jurors at the beginning of jury selection;

    b.    A statement of agreements and stipulated facts which require no proof at trial;

    c.    A statement of all issues of law and fact for determination at trial. A

statement that the issues to be tried are framed by the pleading in the case or something similar in insufficient;

d.    A specification of the damages and/or relief claimed;

e.    A statement of estimated trial time;

f.    Any other agreements;

g.    An identification of unusual issues, either evidentiary or procedural, that are expected to arise during trial;

h.    The number of peremptory challenges for each party;

i.    A list of the witnesses by name who may be called at trial, with their addresses, and a brief statement outlining the nature of each witness' testimony.  Expert witnesses must be designated as such with a brief statement outlining the nature of the expertise and the opinion testimony to be offered.  Witnesses not listed cannot be called at trial.  Before and after witnesses are limited to no more than three for each party so long as the testimony is not cumulative; and expert witnesses are limited to no more than one in any one expert field.  The Court may make such other rulings or limitations on witnesses, including experts, as the nature of the case and justice requires.

j.    A list of all exhibits (including depositions to be read) which may be introduced at trial, itemized as indicated below.  Counsel must note a waiver of objection for those exhibits where appropriate.  All exhibits must be marked and filed with the Clerk prior to trial as follows:

    1.    Plaintiff's list of all exhibits to be admitted in evidence without objection by the Defendant;

    2.    Defendant's list of all exhibits to be admitted in evidence without objection by the Plaintiff;

    3.    A list of all other exhibits of the Plaintiff, that are objected to by the Defendant, noting the specific evidentiary objections and the reasons therefore;

    4.    A list of all other exhibits of the Defendant, that are objected to by the Plaintiff, noting the specific evidentiary objections and the reasons therefore;

    5.    Exhibits must be reasonably specific in their description.  "All documents produced during discovery" or such similar description is not acceptable.

Parties may not "reserve" objections.  Failure to specify objections constitutes a waiver.

## VII.   WITNESSES AND EXHIBITS

Unless ordered by the Court upon good cause shown, at trial the parties will be strictly limited to exhibits (demonstrative and evidentiary) and witnesses listed, and objections specified, in the Pre-Trial Stipulation. All exhibits are to be pre-marked by the Clerk's office. For any questions regarding exhibits for Judge Waronicki' s trials, contact the Clerk's office at 772-462-6900. Any demonstrative aid that is to be used at trial must be marked by the clerk, exhibited to opposing counsel at the pre -trial meeting, and must be listed on the Pre-Trial Stipulation. The Court will hear argument of any counsel

opposing the use of a demonstrative aid <u>prior</u> to the day of trial. No aids are to be shown to the jury without prior approval of the Court. Once exhibits are marked, either for identification or in evidence, they become the property of the Clerk of Court and may not be altered or removed from the courtroom. No exhibits are to be published or exhibited to the jury until admitted into evidence and authorized by the Court.

### VIII.   JURY INSTRUCTIONS

Jury instructions must be e-mailed to the Judicial Assistant no later than noon the Friday prior to trial. The final agreed jury instructions should not contain jury instruction titles for each proposed instruction, any citations, nor any information as to who requested the instruction, unless the instruction is not agreed to. All other preliminary instructions should have titles. The jury instructions should be personalized to use the parties' names instead of "Plaintiff" or "Defendant." Counsel must identify all jury instructions to which there is an objection by any party. Jury instructions to which there are objections will be ruled on by the Court during the charge conference. The Court realizes that the final form of the jury instructions and the verdict forms will depend upon the evidence received during the trial and the issues that remain at the conclusion of the presentation of the evidence, however the use of this procedure will reduce the amount of time needed for the charge conference. Final jury instructions and verdict forms must be submitted to the Court in printed form appropriate for submission to the jury.

### IX.   COURT REPORTER

Fl. R. Jud. Admin 2.535(b) requires that the party requesting a court reporter must arrange for and pay the reporting fees for any hearing or trial. This requirement shall not preclude taxation of costs as authorized by law.

### X.   E-DOCKET FORM

Completion of the attached E-Docket Form is required. <u>All counsel</u> shall discuss and agree regarding trial dates to be selected and <u>**one form**</u> is to be submitted. The form shall be signed by all counsel of record. **If you fail to submit the form as set forth above by the deadline, you will be set on the Trial Schedule at the will of the Court.** All forms are to be e-mailed to <u>WileT@Circuit19.org by 5:00 p.m. 3 business days before the posted E-Docket Call date.</u>

### XI.   CASE DISPOSITIONS

If your case settles immediately notify the Court's Judicial Assistant via e-mail (showing copies provided to all parties), ATTACHING AN ALREADY E-FILED NOTICE OF SETTLEMENT and DISMISSAL DOCUMENTS. Due to the volume of cases pending, counsel should <u>not</u> assume that filing documentation in the court file will satisfy this requirement. Counsel must also give notification by email.

### XII.   TRIAL SCHEDULING

Multiple cases will be set for each week of the trial period. Cases will be stacked during your selected week(s) according to the year that the case was filed, with the older cases being placed at the top of that week's trial schedule. The order in which the cases will be called up for trial will be determined at the monthly E-Docket Call and published on-

line.

Counsel for the parties are responsible for monitoring whether the cases set ahead of this case are settled or continued. <u>Do not call the Judicial Assistant to determine the status of this case or priority of this case for the trial week.</u> <u>It is unacceptable to announce to the Court that counsel is not ready to proceed to trial because counsel thought another case would proceed instead.</u> **If your case is called up and you do not appear or are not ready for trial, the case will be dismissed if you represent Plaintiff, or a default entered if you represent Defendant. If trial does not occur because other cases have a higher priority and there is not enough time to try the case, the case will be rolled to another trial week or to the next monthly E-Docket Call.**

The top two cases moving forward as of 5:00 p.m. on the Friday preceding your trial are required to appear for trial. All other cases will be rolled to another trial week or to the next E-Docket Call date. If your case is rolled to the next E-Docket Call, you will be required to submit another Joint E-Docket Call Form for same. The procedures, requirements and time limits imposed by this Agreed Case Management Plan and Order are <u>not</u> to be deemed modified, affected, extended or changed in any manner unless by order of the Court for good cause shown. If an order extending the life of trial subpoenas is needed, a proposed order should be submitted to the Court.

### XIII.   MOTION TO CONTINUE
**Per the on-line Circuit Civil Division Guidelines and Procedures, any motion to continue must comply with Florida Rule of Civil Procedure 1.460, including requirement of signature by the party requesting continuance. Simply filing a motion to continue will not suffice to continue the case. Your case will not be continued because both parties agree and note same on the E-Docket Call Form.**

### XIV.   COMPLIANCE REQUIRED
Any failure on the part of any counsel to act in good faith to comply with this Case Management Plan must be reported to the Court by the filing of a "Suggestion of Non-Compliance with Case Management Plan," served on all counsel, and set for hearing in a timely manner by the reporting party. NONCOMPLIANCE WITH ANY PORTION OF THIS CASE MANAGEMENT PLAN AND ORDER MAY RESULT IN THE STRIKING OF THIS CASE, WITNESSES, EXHIBITS OR IMPOSITION OF SUCH OTHER SANCTIONS AS ARE JUST.

This Order is entered in conjunction with the online Circuit Civil Procedures and counsel is expected to be familiar with the same.

This Order shall constitute your order setting trial period and E-docket date for your case. An Order Setting Trial will be issued on your E-Docket Call date designating your trial week within the trial period.

**DONE AND ORDERED** in Fort Pierce, St. Lucie County, Florida on April 1, 2025

Brett M. Waronicki
Circuit Judge

ATTACHMENT:  E-DOCKET CALL FORM (to be submitted *with required attachments* to WileT@Circuit19.org by 5:00 p.m. 3 business days before the posted E-Docket Call.)

**A COPY OF THIS ORDER IS BEING SERVED ON THE FOLLOWING PARTIES VIA THE E-FILING PORTAL:**
Aaron J Kesselman <akesselman@nasonyeager.com>, <yacosta@nasonyeager.com>, <mhernandez@nasonyeager.com>
Richard H. Levenstein <rlevenstein@nasonyeager.com>, <ptreadway@nasonyeager.com>, <creyes@nasonyeager.com>

**Plaintiff/Plaintiff's counsel shall serve any party to this action not listed on the above e-service list and shall file a Certificate of Mailing/Service into the court file immediately upon service – *no later than 3 business days from the date of service.***

**Florida Rules of Judicial Administration Rule 2.540
Notices to Persons with Disabilities**

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Coordinator, 250 NW Country Club Drive, Suite 217, Port St. Lucie, FL 34986, (772) 807-4370 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**SPANISH:**

**Si usted es una persona discapacitada que necesita algún tipo de adecuación para poder participar de este procedimiento, usted tiene derecho a que se le ayude hasta cierto punto y sin costo alguno. Por favor comuníquese con Court Administration, 250 NW Country Club Drive, Suite 217, Port St. Lucie, Fl. 34986, (772) 807-4370, al menos 7 días antes de su fecha de comparecencia o inmediatamente después de haber recibido esta notificación si faltan menos de 7 días para su cita en el tribunal. Si tiene discapacidad auditiva o de habla, llame al 711.**

**KREYOL:**

**Si ou se yon moun ki andikape epi ou bezwen nenpòt akomodasyon pou ou ka patisipe nan pwosè sa-a, ou gen dwa, san ou pa gen pou-ou peye anyen, pou yo ba-ou yon seri de asistans.  Tanpri kontakte Administrasyon Tribunal-la, 250 NW Country Club Drive, Suite 217, Port St. Lucie FL 34986, (772) 807-4370 omwen 7 jou alavans jou ou gen pou-ou parèt nan tribunal-la, ouswa imedyatman kote ou resevwa notifikasyon-an si ke li mwens ke 7 jou; si ou soud ouswa bèbè, rele 711.**

## E-DOCKET CALL FORM

**To be submitted <u>with required Joint Pre-Trial Statement</u> to WileT@Circuit19.org by 5:00 p.m. at least 3 business days before your posted E-Docket Call date**

| | |
|---|---|
| Docket Call Date: | |
| For Trial Period Commencing: | |
| Case Style: | |
| Case Number: | |
| Preferred Trial Week(s) within trial period: | |
| Anticipated Length of Trial: | |
| Any trial conflicts and/or additional information pertinent to setting trial? | |
| Any non-compliance with pre-trial order?   If so, explain. | |
| Any outstanding motions? If so, explain. | |
| Date of Mediation: | |

| | PLAINTIFF(S) | DEFENDANT(S) |
|---|---|---|
| Attorney Initials: Required Joint Pre-Trial Stipulation attached | | |

| Contact information for all Counsel for Plaintiff(s), including name, email, and telephone: | Signature of Counsel: |
|---|---|
| | |
| | |
| | |

| Contact information for all Counsel for Defendant(s), including name, email, and telephone: | Signature of Counsel: |
|---|---|
| | |
| | |
| | |